[No. 34569. Department Two. February 13, 1959.]

JAMES BOYLE *et al., Appellants,* v. THE DEPARTMENT OF PUBLIC ASSIS-
TANCE, *Respondent.*[1]

*J. Peter P. Healy,* for appellants.

*The Attorney General* and *Fred C. Dorsey, Assistant,* for respondent.

PER CURIAM.—James Boyle and Ethel Boyle, husband and wife, appeal from a final judgment affirming an order suspending further awards of public assistance.

Because each of the appellants had more than two hundred dollars on deposit in the bank, public assistance awards were suspended. From this order of suspension, the Boyles appealed to the superior court.

Appellants' argument is that, because the money on deposit was derived from an award for personal injuries, the order of suspension is unlawful.

The matter was submitted to the trial court upon written briefs. The memorandum opinion of the trial judge disposes of all of the issues, and, so far as material, is adopted as the opinion of this court. It is as follows:

"The facts in this case are for the most part agreed upon, and give rise to three questions, namely: (1) That the cancellation of plaintiffs' award by Mrs. Scott was unauthorized; (2) That the legislative amendment distinguishing an applicant from a recipient as to classification is unconstitutional; (3) the interpretation of 'resources' as defined in the law.

"Answering the first question, it is the opinion of this Court that the act of Mrs. Scott in cancelling the award was not an unauthorized act, and that such cancellation was within her powers.

"Answering the second question, it must be borne in mind, at all times, that every presumption is in favor of the constitutionality of a legislative act, and that in matters of classification the legislature has a very broad discretion. It is the conclusion of this Court that the classification made by the legislature is reasonable and founded on material differences and substantial distinctions which bear a proper relation to the persons dealt with by the legislation and to the purpose sought to be accomplished. This Court, therefore, holds that the legislative amendment referred to is not unconstitutional.

"The third question presents a unique and somewhat disturbing problem. All of us realize that no amount of money can restore to an individual what they have lost through pain and suffering, or the loss or dismemberment of any part of their body as the result of an accident. When, as here, a recovery has been had for pain and suffering, and cash has been received, can it be held that it is a 'Resource' under the terms of the Public Assistance Act? The Act defines 'Resource' as

" 'Any asset tangible, or intangible, which can be applied toward meeting an applicant's or recipient's need, either directly or by conversion into money or its equivalent:'

"This Act contains no provision requiring, or even permitting, the Department to take into consideration the source of the cash owned and

[1]Reported in 335 P. (2d) 478.

possessed by the recipient, or the reason for its acquisition. While it is impossible for the Department to restore to the recipients the pain-free days they would have enjoyed but for the accident, nevertheless the statute does not recognize any right on the part of the Department to consider anything except the cash available. The definition of a resource is plain and unambiguous, and while it appears that the enforcement thereof is a harsh rule as to these recipients, the remedy is one for the legislature."

The judgment is affirmed.